### THE GEORGE VICKERS.

### KABLE v. UNITED STATES.
### No. 135–147.

District Court, S. D. New York.
Jan. 20, 1948.

Thomas A. McDonald, of New York City (James S. Tobin, of New York City, of counsel), for libelant.

John F. X. McGohey, U. S. Atty., of New York City (Haight, Griffin, Deming & Gardner, Edgar R. Kraetzer and James M. Estabrook, all of New York City, of counsel), for respondent.

COXE, District Judge.

This matter now comes up on the claims of libelant for maintenance and cure, for unpaid wages, and for damages for failure to pay wages, all of which were reserved for further consideration in my previous opinion.

The libelant is an American citizen, born in 1886. He has followed the sea since 1900. He obtained English and German master's licenses in 1912, and an American license about 1927. The ship's voyage ended October 28, 1943. The libelant arrived at Norfolk, after the assault, on February 19, 1944. His wages were $237.50 a month, plus a war bonus of 100% and $5 per day while in the Mediterranean. It is stipulated that his wages for the period from September 19, 1943, the date of the assault, to February 19, 1944, amount to $1,500 and that he has been paid $400 on account thereof. It is also stipulated that maintenance, computed at $5.50 per day, for the same period, but excluding the periods of his hospitalization and transportation on steamer back to the United States, amounts to $456.50. It is also stipulated that his right to wages and maintenance, so far as this period only is concerned, is "conditioned on his illness or injury having been incurred while in the service of his vessel, and not occasioned by his wilful misconduct".

Inasmuch as I held in my previous opinion, 77 F.Supp. 515, that the libelant was the aggressor, i. e., that he was guilty of wilful misconduct, this disposes of the claim for maintenance and cure during the aforesaid period. Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107; Barlow v. Pan Atlantic S.S. Corpor-

ation, 101 F.2d 697, 698. Likewise, it disposes of the claim for maintenance and cure during any subsequent period, for any such claim could only be based on illness or injury resulting from the libelant's own wilful misconduct.

As to the claim for wages, the libelant's proctor concedes in his brief that if the injuries were due to the libelant's wilful misconduct he is not entitled to wages.

The libelant's claims for maintenance and cure, for unpaid wages, and for damages for failure to pay wages, are disallowed.